**FILED**

**September 5, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 4:03 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **ROGER BLANKENSHIP,** | ) | **Docket No.: 2017-03-0504** |
| **Employee,** | ) | |
| **v.** | ) | |
| **WOLVERINE-OWSFI, INC.,** | ) | **State File No.: 48845-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **TECHNOLOGY INSURANCE CO.,** | ) | **Judge Lisa A. Lowe** |
| **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER
## GRANTING MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge for an Expedited Hearing on August 22, 2017. The central legal issue is whether Mr. Blankenship established he is likely to prevail at a trial on the merits that his left shoulder surgery is reasonable and necessary as a result of his work injury. For the reasons set forth below, the Court finds that, based on the opinions of the authorized treating physician and the Medical Director, Mr. Blankenship is likely to do so.

### History of Claim

Mr. Blankenship worked as a roofing foreman for Wolverine. On June 28, 2016, he attempted to move an industrial blower with two co-workers up two flights of steps. His co-worker tripped, causing the blower to land on the back of Mr. Blankenship's neck and left shoulder. He felt immediate pain in his neck, left shoulder, and left arm and reported the injury to his supervisor.

Wolverine accepted the claim as compensable and provided authorized medical treatment with Dr. Paul Brady. An MRI revealed a probable labral tear, and Dr. Brady recommended physical therapy and restrictions. Because Dr. Brady thought Mr. Blankenship's pain and symptoms might be coming from a neck condition, he ordered a referral to a spine specialist. Specifically, Dr. Brady noted, "I really believe his shoulder

1

pain/arm pain is secondary to spine issues and not shoulder issues. He does have a labral irregularity in the shoulder but honestly I do not believe that is causing the degree of pain that he is currently having."

Mr. Blankenship received authorized treatment with Dr. John Lavelle for his neck complaints. He underwent a cervical MRI, which revealed a left C4-5 disc protrusion and foraminal narrowing. Dr. Lavelle performed an epidural steroid injection, but his symptoms persisted. As a result, Dr. Lavelle recommended a surgical consultation with Dr. Paul Johnson, who found Mr. Blankenship's degenerative cervical spine condition not related to the work injury.

Mr. Blankenship returned to Dr. Brady in January 2017 with continued shoulder complaints. Dr. Brady noted:

> I told him that while surgery is a potential option, I fear that this could potentially make him worse. I told him there are certainly no guarantees that it would make him better . . . He asked for my advice and I told him all I could do was give him the risks and benefits and outline the options to him but as far as making a decision that is up to him . . . he will call us back if he decides on surgery.

Mr. Blankenship contacted his nurse case manager and advised he wanted to proceed with surgery. Wolverine sent the surgery request through Utilization Review (UR). Dr. Glen Smith performed a review of the medical records and found that the labral tear surgery was not medical necessary. Dr. Smith based his opinion on the facts that a recent exam revealed no findings of instability, none of the records documented the failure of non-operative measures, and not all labral tears require surgery. Mr. Blankenship appealed the UR denial, and Medical Director Dr. Robert B. Snyder concluded that the labral tear surgery should be approved.

At the hearing, Mr. Blankenship asserted entitlement to the shoulder surgery based on the authorized treating physician's recommendation and the Medical Director's confirmation. Wolverine countered that Dr. Brady did not recommend surgery. In fact, Dr. Brady said he was afraid surgery would make Mr. Blankenship's problems worse. In addition, the UR physician outlined the basis for his denial in his report, but the Medical Director did not indicate which records he reviewed or identify the basis for his decision to overturn the UR denial.

### Findings of Fact and Conclusions of Law

Because this case is in a posture of an Expedited Hearing, Mr. Blankenship need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd.

LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

Workers' Compensation Law requires the employer to furnish, free of charge, medical treatment made reasonably necessary by the accident. Tenn. Code Ann. § 50-6-204(a)(1)(A). Additionally, any treatment recommended by the authorized treating physician shall be presumed to be medically necessary. Tenn. Code Ann. § 50-6-204(a)(1)(H).

Here, Dr. Brady found that Mr. Blankenship's work injury caused his shoulder condition and provided surgery as a treatment option. Admittedly, Dr. Brady cautioned Mr. Blankenship that he cannot guarantee that surgery will make him better and it could make him worse. However, this is so with virtually any surgery. As the authorized treating physician, Dr. Brady's offer of surgery as a treatment option is presumed medically necessary. The Court discounts Dr. Smith's UR opinion because he stated the medical records did not document failure of non-operative treatment. This is belied by the fact that Mr. Blankenship has been treating conservatively from the time of the injury without relief of his symptoms. Finally, the letter from the Medical Director's office to Mr. Blankenship indicates the Director "reviewed the medical records as presented." The Director overturned the UR denial and concluded that Mr. Blankenship's surgery should be approved. The Court holds that the opinions of Dr. Brady and the Medical Director outweighed the opinion of the UR physician.

Therefore, as a matter of law, Mr. Blankenship has come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits. His request for medical benefits in the form of left shoulder labral tear repair is granted at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Wolverine-OWSFI, Inc. or its workers' compensation carrier shall provide Mr. Blankenship with treatment for his June 28, 2016 injuries as required by Tennessee Code Annotated section 50-6-204, including the left shoulder labral tear repair.

2. This matter is set for a Scheduling Hearing on **October 24, 2017, at 11 a.m. Eastern Time.** The parties must call 865-594-0109 or 855-383-0003 toll-free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry

3

of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED this the 5th day of September, 2017.**

_Lisa A. Lowe_

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

4

## APPENDIX

Exhibits:

1) Order for Medical Benefits Upon Review by the Medical Director
2) Correspondence from the Office of the Medical Director re: Overturned Denial
3) Peer Review and Medical Record Review of Eckman/Freeman
4) Collective Medical Records of Dr. Paul Brady, Dr. John Lavelle, Dr. Paul Johnson, and Benchmark Therapy

Technical Record:
1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Request for Expedited Hearing
4) Employer's Response in Opposition to Employee's Request for Expedited Hearing
5) Employer's Pre-Hearing Brief
6) Employer's Notice of Filing Medical Records
7) Employer's Witness and Exhibit List
8) Employee's Witness and Exhibit List
9) Affidavit of Roger Blankenship

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 5th day of September, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|-----|-------|------------------|
| Jonathan W. Doolan, Employee's Attorney | | | x | jonathan@collinsdoolan.com |
| Brent Latham Employer's Attorney | | | x | brlaman@mijs.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

5